IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) 2:19-cr-4 |
| DENNIS CERCONE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

In 2019, Dennis Cercone pled guilty to possessing a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1). This Court sentenced him to 57 months incarceration, followed by 3 years of supervised release. The BOP has slated Mr. Cercone for release on March 12, 2023 – before his full sentence is up. Nonetheless, Mr. Cercone moves for "Release/Reduced Sentence pursuant to CARES and/or First Step Act." He asks the Court to reduce his sentence even further to "time served" or 40 months imprisonment, with 1 year of supervised release. After carefully considering the parties' arguments and the applicable law, the Court **DENIES** the motion.

## DISCUSSION & ANALYSIS

At the outset, the parties dispute whether Mr. Cercone has properly satisfied the statutory exhaustion requirement. Under 18 U.S.C. § 3582(c)(1)(A), movants must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or wait "30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Mr. Cercone reports that in early July, 2022, he sent an inmate request form requesting compassionate release. ECF 56-1. The government argues that the BOP has no record of receiving this request, and that the form Mr. Cercone allegedly sent

1

is vague and partly illegible. ECF 59, pp. 5-6. Still, the Court will, out of abundance of caution, presume that the exhaustion requirement is satisfied. The Court will take Mr. Cercone at his word that he submitted the request, and the low quality of Mr. Cercone's photocopy and the cut-off sentence indicates that several lines of text may be missing.

When considering compassionate release, a Court is to weigh the Section 3553 factors and determine whether "extraordinary and compelling reasons" apply. 18 U.S.C. § 3582(c)(1)(A). Here, the sentencing factors counsel against early release for Mr. Cercone, and he has not presented evidence of extraordinary and compelling circumstances.

Turning to the Section 3553 factors, the Court finds that they weigh against early release. First, his particular characteristics and history cut against him. Mr. Cercone points to programming he has completed in prison and has fully realized that "a life of crime is not the path for him." ECF 56, p. 10. However, considering Mr. Cercone's extensive history of crime and violence prior to this offense, the Court remains concerned.[1] Further, Mr. Cercone received infractions for possessing a dangerous weapon in prison and assaulting with serious injury in March 2022 – just months before filing his motion. And though Mr. Cercone points to "youth" and immaturity, he was 33 years old at the time of the offense. Thus, the Court finds that leniency based on youth does not, in fact, apply.

Mr. Cercone also argues that his sentence was unnecessarily lengthy and creates unwarranted disparities. *Id.* at pp. 10-12. The Court disagrees. Mr. Cercone was sentenced within the guidelines range for his offense level and criminal history

---

[1] For example, Mr. Cercone has previously pled guilty to carrying a firearm without a license (PSR ¶ 35); harassment and disorderly conduct (PSR ¶ 49); and drug conspiracy and possession with intent to distribute (PSR ¶ 50). Around the same time as the offense at issue here, he was also charged with multiple offenses such as aggravated assault, terroristic threats, and strangulation (PSR ¶¶ 56-57).

category. Given the seriousness of his offense,[2] after reviewing the record and hearing the parties' arguments, the Court determined at sentencing that a guidelines sentence was appropriate to provide just punishment and adequate deterrence.

Ultimately, weighing each of the Section 3553 factors now, again, the Court determines that nothing has materially changed, and so Mr. Cercone cannot be released early. *United States v. Muhammad*, No. 21-1311, 2022 WL 296593, at *2 (3d Cir. 2022) (affirming district court's denial of compassionate release where "the section 3553(a) factors that it considered at sentencing and must now consider have not changed").

Moreover, extraordinary circumstances do not exist that would justify modifying Mr. Cercone's sentence. For instance, Mr. Cercone argues that a change in law means that he may have been improperly convicted. *Id.* at pp. 14-15. That is, the Supreme Court in *Rehaif v. United States* clarified a scienter requirement regarding felony status for 18 U.S.C. § 922(g) offenses. 139 S. Ct. 2191 (2019). But arguments based on *Rehaif* are more appropriately addressed in Section 2255 habeas proceedings, not alteration of sentencing. *United States v. Brown*, No. 12-224, 2020 WL 4345077, at *5 (W.D. Pa. July 29, 2020) (Hornak, C.J.) ("Relying on *Rehaif* could only form a basis to vacate [movant's] conviction itself, not alter his term of imprisonment."). Additionally, Mr. Cercone admitted to the knowledge requirement by not objecting to its inclusion in his PSR and the factual basis supporting his guilty plea. *United States v. Siegel*, 477 F.3d 87, 93-94 (3d Cir. 2007) (explaining that when the defendant "received the Presentence Report – including the description of the

---

[2] The offense conduct reflects that Mr. Cercone possessed a .45 caliber pistol inside of his house. When officers arrived at the scene, Mr. Cercone appeared to have thrown bathroom items out the window and barricaded the front door with furniture. He made a series of incoherent statements to the officers, including referencing shooting. Upon a search of the residence, officers found that the gun appeared to have been fired in the bathroom until empty. PSR ¶¶ 7-14.

incident [] in issue" and did not "object[] to the factual descriptions," "the defendant has admitted them" (cleaned up)).

## **CONCLUSION**

For the foregoing reasons, Mr. Cercone's motion for early release/reduction in sentence is **DENIED.**

DATE:  November 23, 2022                          BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge